UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID THOMPSON | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| DG LOUISIANA, LLC | * | |
| AND XYZ EMPLOYEE | * | JUDGE: |
| | * | |
| | * | MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, DG Louisiana, LLC, improperly and incorrectly named and referred to as DG Louisiana d/b/a Dollar General Stores, (DG Louisiana) who hereby removes this lawsuit to this Honorable Court, and avers the following:

**A.     Introduction**

I.

On or about June 17, 2019, Plaintiff, David Thompson, filed a Petition for Damages in the 9th Judicial District Court for the Parish of Rapides, State of Louisiana entitled *"David Thompson versus DG Louisiana LLC et al."* No. 268154, "E". The Plaintiff alleges that he sustained injuries at the Dollar General store located at 2314 Broadway Avenue, Alexandria Louisiana after tripping on a stool at the store.  Copies of Plaintiff's Petition for Damages and process served on the Defendant are attached hereto as Exhibit "A" as required by 28 U.S.C. §1446(a).

B.      **The Parties and Their Citizenship**

II.

Plaintiff, David Thompson, is a citizen of and domiciled in the State of Louisiana.

III.

Defendant, DG Louisiana, is a foreign single member limited liability company organized under the laws of the State of Tennessee.

IV.

Defendant's, DG Louisiana, sole member is Dolgencorp LLC, a foreign limited liability company organized under the laws of the State of Kentucky. Dolgencorp LLC's sole member is Dollar General Corporation, a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place of business in the State of Tennessee. Therefore, DG Louisiana is, in turn, a citizen of Tennessee.

V.

Defendant, XYZ employee, is a fictitious name; therefore, pursuant to 28 U.S.C. §1441(b)(1), its citizenship is to be disregarded. "In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." Also see *Oiler v. Biomet Orthopedics, Inc.*, 2003 WL 22174285 (E.D. La. 2003).

C.      **Basis for Diversity Jurisdiction**

VI.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship.  Accordingly, removal is proper pursuant to 28 U.S.C. §1441(a).

VII.

The following is a complete explanation of the basis for diversity jurisdiction:

a.  Complete Diversity Exists Between the Parties: There is complete diversity between the parties, as the plaintiff is a citizen of the State of Louisiana and Defendant, DG Louisiana, including its constituent member and its member, are domiciled/incorporated and have principal places of business in states other than Louisiana.

b.  Jurisdictional Amount:

   1) Pursuant to 28 U.S.C §1332(a), the jurisdictional amount in a diversity case is $75,000.00, exclusive of interest and costs.

   2) When, in alleged diversity cases, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount.  Defendant can carry this burden by showing that it is facially apparent that the claims will exceed the jurisdiction amount, or by setting forth facts in controversy, in the removal petition or by affidavit or other summary type evidence that support a finding of the requisite amount.  *Allen v. J.C. Penny,* 2000 WL 381935 (E.D. La. 2000).

   3) If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332 jurisdictional threshold, that Louisiana case will then resemble any

        other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction:  The plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.00.  *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

4)    The plaintiff, David Thompson, alleges that he sustained injuries at the Dollar General store located at 2314 Broadway Avenue, Alexandria Louisiana after tripping on a stool at the store. Plaintiff further alleges that the accident and his injuries were caused by the negligence and acts of omission of DG Louisiana.

5)    The plaintiff further generally alleges that as a result of the accident he sustained past, present and future mental and physical pain and suffering, past and future medical expenses, permanent disability and loss of enjoyment of life.

6)    Although it was not initially apparent from Plaintiff's Petition for Damages that the jurisdictional amount was met, Plaintiff's Answers to Interrogatories and attached medical records, which were received on September 25, 2020, make it clear that the Plaintiff seeks damages in excess of $75,000.00 exclusive of interest and costs.

7)    The plaintiff's Answer to Interrogatory No. 22(b) admits that his damages are in excess of $75,000.00 See Exhibit "B". Further, medical records from Caldwell Memorial Hospital reflect that the Plaintiff has undergone

      an anterior cervical discectomy and fusion with graft on May 28, 2020. Additionally, the medical bills reflect costs of $76,340.73 See Exhibit "C."

  8) It is clear from the Plaintiff's Answer to Interrogatory No. 22(b) and produced medical records, medical bills, diagnosis and cervical surgery that the Plaintiff's damages will exceed $75,000.00 and are above the jurisdictional amount.

  9) Conclusion: Since the elements of complete diversity and jurisdictional amount are met, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

**D. Removal is Timely and Proper to this Court**

### VIII.

This Notice is timely under the provisions of 28 U.S.C. §1446(b)(3) and (c)(3)(A) and Fed. Rule of Civ. Pro.6 because it was filed within 30 days of receipt of "other paper", the Plaintiff's Answers to Interrogatories and attached medical records, which were received on September 25, 2020, by the defendant DG Louisiana.

### IX.

The 9th Judicial District Court for the Parish of Rapides, State of Louisiana is located within the jurisdiction of the Western District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. §1441(a) because it is the district and division embracing the place where such action in pending.

### X.

Copies of this Notice of Removal are being served on opposing counsel and being filed with the Clerk of Court of the 9th Judicial District Court, Parish of Rapides, State of Louisiana.

XI.

Based on the foregoing, this Court has removal jurisdiction over this action based on diversity pursuant to 28 U.S.C. §1332 and §1441(a).

WHEREFORE, Defendant, DG Louisiana, LLC, improperly and incorrectly named and referred to as DG Louisiana d/b/a Dollar General Stores, (DG Louisiana) hereby removes the above action, now pending against it in the 9th Judicial District Court, Rapides, State of Louisiana to the United States District Court for the Western District of Louisiana.

Respectfully Submitted:

**COURINGTON, KIEFER, SOMMERS, MARULLO & MATHERNE, L.L.C.**

*/s/ Daniel R. Estrada*
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
STEVEN M. LOZES (LSBA #8922)
616 Girod Street
New Orleans, LA  70130
Telephone:  (504) 524-5510
Facsimile: (504) 524-7887
kcourington@courington-law.com
destrada@courington-law.com
slozes@courington-law.com
**ATTORNEYS FOR DEFENDANT,
DG LOUISIANA, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties herein by depositing same in the United States mail, postage prepaid, or via electronic mail, this 22nd day of October, 2020:

Kelvin G. Sanders, Esq.
418 DeSoto Street
P.O. Box 13922
Alexandria, Louisiana 71315-3922

*/s/ Daniel R. Estrada*