UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID THOMPSON | CIVIL DOCKET NO. 1:20-CV-01371 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DG LOUISIANA, LLC | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 39] filed by Defendant DG Louisiana, LLC. An OPPOSITION [Doc. 45] was filed by Plaintiff David Thompson, to which DG Louisiana filed a REPLY [Doc. 51]. For the following reasons, DG Louisiana's Motion is GRANTED.

FACTUAL BACKGROUND

On June 17, 2019, Plaintiff David Thompson ("Thompson") went with his brother, James Thompson, to a Dollar General store in Alexandria, Louisiana,[1] to purchase dog food. [Doc. 39-1 p. 1]. Thompson used a walker to supplement his mobility. Once they entered the store, Thompson separated from his brother to go to the dog food aisle. [Doc. 39-6 p. 26]. When he reached the middle of the aisle, Thompson's walker got hung up on a stool that had been left in the aisle. *Id.* at pp. 26-27. Thompson was able to get his walker free from the stool without assistance but slipped and fell immediately thereafter. *Id.* at p. 29. Thompson did not notice anything on the aisle floor prior to falling nor did he recall seeing anyone else in the

---

[1]   The Dollar General store in this case is located at 2314 Broadway Avenue, Alexandria, Louisiana 71302.

aisle before he fell. *Id.* at p. 32. However, after he fell, his brother noticed a dog bone on the floor which he believes caused the fall. *Id.* Thompson alleges that he sustained injuries to his left shoulder, arm, and neck as a result of his fall. [Doc. 39-1].

On June 2, 2020, Thompson filed suit in the 9th Judicial District Court for Rapides Parish for the injuries he sustained as a result of Dollar General's alleged negligence. [Doc. 1-1 p. 2]. Dollar General removed the suit to this Court on October 20, 2020, invoking the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332. A Removal Order was entered on October 26, 2020. [Doc. 5]. Dollar General filed a motion for summary judgment on September 16, 2022, asserting that Thompson cannot meet the requisite evidentiary burden under the Louisiana Merchant Liability Act. La. R.S. 9:2800.6. [Doc. 39]. Specifically, Dollar General contends that Thompson is unable to meet his evidentiary burden that Dollar General either: (i) created the condition or (ii) had actual or constructive notice of the condition and subsequently failed to exercise reasonable care. [Doc. 39, Doc. 51]. In response, Thompson alleges that Dollar General created the hazard by leaving a stool in the aisle and that circumstantial evidence shows that Dollar General had constructive knowledge of the hazard. [Doc. 45-1].

## LAW AND ANALYSIS

### I.      Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings in conjunction with affidavits and documentary evidence, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of

2

law." Fed. R. Civ. P. 56; *see also Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017; *see Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc, v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing *Celotex*, 446 U.S. at 325). There is no genuine issue for trial — and thus a grant of summary judgment is warranted — when the record as a whole "could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. <u>Louisiana's Merchant Liability Act</u>

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, Dollar General's potential liability for Thompson's accident and injuries is governed by the Louisiana Merchant

3

Liability Act. La. R.S. 9:2800.6. (the "Merchant Liability Act").  The Merchant Liability Act imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A).  When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff must show that the defendant was negligent and that:

1) The condition presented an unreasonable risk of harm to the claimant and the risk of harm was reasonably foreseeable.

2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

3) The merchant failed to exercise reasonable care.

La. R.S. 9:2800.6(B).

Importantly, a plaintiff must prove each of these elements by competent evidence.  "The burden of proof does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 10-1109, p. 3 (La. App. 3d Cir. 3/16/11), 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 669 So. 2d 1081); *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed. Appx. 458, 460 (5th Cir. 2012).

Dollar General's Motion posits that Plaintiff cannot meet the factual showing required by the Merchant Liability Act – specifically, that Plaintiff has no evidence that Dollar General "either created or had actual or constructive notice of the harm" which caused Thompson to fall.  [Doc. 39-1].  For the following reasons, the Court agrees.

4

### A.     <u>Plaintiff Has No Evidence that Defendant Created the Condition</u>

In his opposition to the Motion, Thompson contends that there is a genuine dispute of material fact as to whether Dollar General created the hazard by leaving the stool in the aisle. [Doc. 45 p. 5]. Dollar General counters that because the stool may have been placed in the aisle by a customer, Plaintiff cannot establish that Dollar General created the condition. [Doc. 51 pp. 6-7]. In order to prove that a merchant created the condition which caused the accident, "'there must be proof that the merchant is *directly* responsible for the . . . hazardous condition.'" *Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed.Appx. 458, 462 (5th Cir. 2012) (emphasis added) (quoting *Schwegmann Giant Supermarkets, Inc.*, 734 So. 2d 910, 913 (La. App. 1 Cir 1999). "Mere assertions, without significant probative evidence, are not sufficient to survive summary judgment." *Mohammad v. P.F. Chang's China Bistro*, 548 Fed. Appx. 236, 238 (5th Cir. 2013).

In *Ferrant v. Lowe's Home Centers, Inc.*, the Fifth Circuit held that a plaintiff who relied "upon evidence suggesting that [the defendant] had complete care, custody, and control" of a pallet she tripped on, failed to demonstrate a genuine issue of material fact. 494 Fed. Appx. 458, 462 (2012). There, the court held that "Louisiana law does not . . . allow us to infer that a merchant created a dangerous condition merely because that merchant had custody or control over the item at issue and failed to prove that a third party was at fault." *Id.* Importantly, the Fifth Circuit noted that "[s]uch an inference would essentially shift the burden of proof to [the defendant] which § La. R.S. 9:2800.6(B) does not permit." *Id. See also, Donaldson v.*

5

*Sam's East, Inc.,* No. 21-30189, 2021 WL 4898724 *3 (5th Cir. Oct. 20, 2021) (holding that summary judgment was proper because plaintiff could not provide evidence establishing the origin of the condition and the defendant introduced evidence that an employee was not the only potential source of the condition); *Mohammad v. P.F. Chang's China Bistro*, 548 Fed.Appx. 236, 238 (5th Cir. 2013) (finding no genuine issue of material fact because plaintiff failed to adduce evidence that liquid on the floor was caused by an employee from the kitchen); *Gray v. Wal-Mart Louisiana, L.L.C.*, 484 Fed. Appx. 963, 966 (5th Cir. 2012) (holding that "[i]n the absence of evidence connecting [] employees to the roof leak, no issue of fact exists regarding whether" the defendant created the leak that injured the plaintiff). *See also, cf., Savoie v. Southwest Louisiana*, 866 So.2d 1078, 1081 (La.App. 3 Cir. 2/25/04) (holding that a genuine issue of material fact existed as to whether the defendant created the condition after a man slipped on wax buildup on the floor because the defendant was solely responsible for maintaining its own floors).

Here, Thompson has no evidence supporting his contention that a Dollar General employee placed the stool in the aisle. Instead, Plaintiff relies on inferences and the absence of evidence proffered by the Defendant to show Dollar General created the condition. In this regard, Thompson argues that Dollar General must have created the condition because the stool could *only* have been accessed by a Dollar General employee. This mischaracterizes the summary judgment evidence. In her deposition, the manager working at the time of the incident, Rockell Mills, testified that she has seen customers use stools to reach items in the aisles. [Doc. 39-9 p. 21].

Thus, without additional evidence, Thompson cannot prove that Dollar General is responsible for placing the subject stool in the aisle.

At bottom, Thompson urges the Court to accept an inference that Dollar General was in custody and control of the stool because of the absence of evidence that a third party placed it in the aisle. Here, as in *Ferrant*, this showing is insufficient to prove that Dollar General created the allegedly hazardous condition. Therefore, because Plaintiff has no evidence that Dollar General is responsible for placing the stool in the aisle, there is no genuine dispute of material fact as to whether Dollar General created the hazardous condition.

### B. **Plaintiff Cannot Demonstrate Constructive Notice of the Condition**

Next, Thompson argues that summary judgment should be denied because Dollar General had constructive notice of the stool, dog bone, and other items on the floor. [Doc. 45-1].[2] A plaintiff demonstrates constructive knowledge when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). Importantly, "[a] claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 9/9/97). Similarly,

---

[2] Plaintiff does not claim — and there is no evidence in the record to indicate — that Defendant had actual notice of the condition. *See* [Doc. 45]. Thus, there is no genuine dispute of material fact regarding whether Dollar General had actual notice of alleged items on the floor.

7

"'[m]ere speculation or suggestion' is not sufficient to [show constructive notice.]" *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007) (quoting *Allen v. Wal-Mart Stores Inc.*, 850 So.2d 895, 898 (La. App. 2d Cir. 6/25/03).

In *Derousselle v. Wal-Mart Louisiana, L.L.C.*, the Fifth Circuit held that a plaintiff who slipped on a grape failed to survive summary judgment because she did not provide "evidence that Wal-Mart caused the grape to be on the floor or had actual or constructive notice of the grape." 701 Fed.Appx. 349, 350 (5th Cir. 2017). In doing so, the court rejected the plaintiff's argument that a genuine dispute of material fact existed over the period of time during which the grape remained on the floor, noting that the plaintiff "mischaracterize[ed] a lack of evidence as a genuine dispute." *Id. See also, Ferrant v. Lowe's Home Centers, Inc.*, 494 Fed.Appx. 458, 461 (5th Cir. 2012) (holding that plaintiff who "produced no evidence whatsoever to show that the protruding board existed sometime before her fall [] cannot carry her burden of proof as to constructive notice mandated by §9:2800.6(B)"); *Donaldson v. Sam's East, Inc.*, No. 21-30189, 2021 WL 4898724 (5th Cir. Oct. 20, 2021) (finding plaintiff could not survive summary judgment on a constructive notice theory because plaintiff failed to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *4 (quoting *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1082 (La.1997)); *Allen v. Wal-Mart Stores, Inc.*, 850 So.2d 895 (La.App. 2 Cir. 6/25/03) (finding that without additional evidence, drawing inference that the spill was present for some time before plaintiff fell based on the size of the

8

spill is not enough to establish defendant had constructive notice because the inference is "merely one possibility which is not more likely than any other potential scenario." *Id.* at 899.)[3]

Here, Plaintiff has failed to adduce any evidence that the stool or the dog bone were on the aisle floor for any period of time before he fell. In his deposition, Plaintiff stated that he did not see the stool until "something hit [his walker] wheel all of the sudden," and that he did not know what he slipped on until his brother told him that he believed he had slipped on a dog bone. [Doc. 39-6 pp. 26, 28]. Additionally, Thompson stated that he did not see anybody enter the aisle before him, and that he did not know who put the dog bone and stool in the aisle or whether any of the employees knew about the objects in the aisle. *Id.* at p. 28, 32. Plaintiff's brother, James Thompson, similarly stated in his deposition that he did not know how long any of the items were on the floor in the pet aisle and that he did not enter the aisle until after his brother fell. [Doc. 39-7 p. 15-17]. Moreover, neither of the Dollar General employees working when Thompson fell were aware of any hazards in the

---

[3] Courts, however, have found that plaintiffs can satisfy their burden of constructive notice by introducing "circumstantial evidence in the form of affidavits and photographs of conditions of the same store, in the same area . . . on the same day of the week . . . and around the same time as the accident." *Davis v. M & E Food Mart, Inc.*, 829 So.2d 1194, 1199 (La.App. 3 Cir. 10/30/02). In *Davis*, the Louisiana Third Circuit held that evidence of employees failing to conduct scheduled safety sweeps and clean aisles combined with affidavits describing the general condition of the store was enough to lead a reasonable jury to believe that the store had constructive notice of a grape on the floor. *Id.* The Louisiana Third Circuit similarly held in *Davenport v. Albertson's, Inc.*, that a plaintiff who tripped on a toy truck and submitted affidavits of witnesses who had seen toys and other objects in the same aisle he fell and photographs of toys in the same aisle was sufficient evidence to create a genuine issue of material fact as to constructive notice. 744 So.2d 340, 344 (La.App. 3 Cir. 12/6/00).

aisle until after the incident occurred. [Doc. 39-8, Doc. 39-9]. Nor has Thompson provided sufficient circumstantial evidence to create a genuine dispute of material fact as to whether the Dollar General employees had constructive notice of the hazard.

Because Plaintiff has presented no evidence that the bone and stool were in the aisle for some time — and failed to provide any circumstantial evidence beyond suggesting that the Court make certain inferences — there is no genuine dispute of material fact as to whether Dollar General had constructive notice of the hazardous condition. Given that Thompson has failed to meet his burden of proving the second element of the Merchant Liability Act, the Court need not analyze the remaining elements in finding summary judgment appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 39] is GRANTED.

IT IS FURTHER ORDERED that all of Plaintiff's claims are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 6th day of December 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE